IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES EDWARDS, | * |
| Petitioner, | * |
| v. | *   Civil No. PJM 07-495 |
| | *   Criminal No. PJM 05-0179 |
| UNITED STATES OF AMERICA | * |
| Respondent. | * |

## MEMORANDUM OPINION

The Court considers Petitioner James Edwards' August 18, 2008 letter, which the Court will treat as a Motion to Re-set the Date of the Order of Judgment and Commitment to allow Edwards a new period in which to appeal. For the reasons below, the Motion will be GRANTED and a Second Amended Judgment and Commitment Order will be ENTERED, and counsel shall be APPOINTED to represent Edwards in connection with his appeal.

I.

On April 6, 2006, Edwards pled guilty to one count of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 846. He was sentenced to 292 months in prison.[1]

On February 28, 2007, Edwards filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). In it, Edwards claimed that his counsel had provided him with ineffective assistance: (1) by failing to inform him of his possible classification as a career offender under the Sentencing Guidelines when encouraging him to

---

[1] Under the United States Sentencing Guidelines, Edwards had a total adjusted offense level of 35 and criminal history category of VI. The guideline range for the term of imprisonment was 292 to 365 months. See U.S. Sentencing Guidelines, Sentencing Table (2007).

1

accept the plea agreement; and (2) by failing to file an appeal, despite the Edwards' requests that he do so. The Government responded that it would be appropriate to hold an evidentiary hearing regarding Edwards' second claim.

II.

Generally, the failure to file a timely appeal precludes relief with respect to an appealable issue. However, because Edwards alleged that his failure to appeal was due to counsel's constitutionally deficient failure to appeal, the Court deemed it appropriate to permit Edwards to pursue his appeal and on May 30, 2007, vacated its Judgment and Commitment Order of June 21, 2006 and re-entered it with the date of May 30, 2007, to allow a new period of appeal to run.[2] The Court then denied Edwards' Motion to Vacate without prejudice.

The accompanying Memorandum Opinion and Order directed the Clerk to mail copies of the Memorandum Opinion and the Order to Edwards, who was serving his sentence for the underlying offense. However, on January 31, 2008, Edwards wrote the Court, inquiring about the status of his case. See Letter from James Edwards to Clerk of the Court for the U.S. District Court for the District of Maryland (Jan. 31, 2008). He asserted that while he had received notice of the May 30, 2007 Order, he had received neither a copy of it nor the Memorandum Opinion. On August 18, 2008, Edwards again wrote the Court, reiterating that he had not received the Memorandum Opinion or Order. He claimed to have "no idea" as to the status of his case. See Letter from James Edwards to The Honorable Peter J. Messitte (Aug. 18, 2008).

Through its May 30, 2007 Order, the Court was attempting to provide Edwards with an

---

[2] The terms and conditions of the newly entered judgment were the same as those in the original judgment, except that Edwards received full credit for all time served in connection with the original judgment.

2

opportunity to file a timely appeal by mooting the failure to appeal claim.[3] Unfortunately, since he did not receive either the Memorandum Opinion or Order, Edwards, through no fault of his own, missed the new window in which to note his appeal.

The Court understands that a counsel's failure to appeal a clearly appealable issue would in all likelihood result in a reversal on appeal. *See Peguero v. United States*, 526 U.S. 23, 28 (1999) (stating where counsel fails to file a requested appeal, defendant is entitled to a new appeal); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (where defendant has not directed counsel to appeal, "evidence that there were nonfrivolous grounds for appeal" is often "highly relevant" in determining whether the defendant is entitled to a new appeal). Accordingly, in order to short-circuit the issue (as opposed to holding a § 2255 hearing, then finding effective assistance, and then permitting the appeal), the Court will enter yet another date on the Order of Judgment and Commitment and offer Edwards another window in which to appeal.

The Court will also appoint counsel to represent Edwards on his appeal.

A separate Order SHALL ISSUE.

October 31, 2008

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Edwards retained the right to appeal his sentence under the plea agreement, which stated that he "waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of thirty (30)...." Letter from Rod J. Rosenstein to Arthur Reynolds, ¶ 13 (Mar. 23, 2006). Edwards' ultimate sentence resulted from a base offense level of thirty-two (32) and a total adjusted offense level of thirty-five (35).