IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| v. | \*   Criminal No. **PJM 05-179** |
| | \* |
| **JAMES HENRY EDWARDS,** | \* |
| | \* |
| Defendant. | \* |

### MEMORANDUM OPINION

James Henry Edwards is serving a 292-month prison term after pleading guilty to one count of Conspiracy to Possess With Intent to Distribute Controlled Substances. While Edwards remains incarcerated, his principal co-conspirator, Lester Fletcher, was recently released to home confinement. Fletcher was originally sentenced to life imprisonment after leading a drug trafficking organization that purchased cocaine from Edwards and others. Based in part on their disparate sentences, Edwards now moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, his Motion is **GRANTED**.

I.

On February 22, 2006, Edwards was charged in a Superseding Indictment with one count of Conspiracy to Possess With Intent to Distribute Controlled Substances and two counts of Distribution and Possession With Intent to Distribute Cocaine. He pled guilty to the conspiracy charge and the remaining counts were dismissed.

According to his plea agreement, Edwards conspired to sell drugs to Fletcher and his organization in 2005. On February 5, 2005, in a conversation intercepted via wiretap, Edwards agreed to deliver approximately 2 kilograms of powder cocaine to Fletcher. PSR ¶ 27. On another occasion, Edwards delivered to Fletcher 1 kilogram of powder cocaine. PSR ¶ 30. On March 25,

2005, during a traffic stop, law enforcement recovered $64,000 in cash from Edwards's vehicle, which, as it turned out, he had received from Fletcher in exchange for "multiple kilograms" of powder cocaine. PSR ¶ 30.

At his sentencing in 2006, Edwards's base offense level was determined to be 32. PSR ¶ 36. Because he had previously been convicted of at least two prior controlled substance offenses—importation of PCP and conspiracy to distribute PCP—Edwards was deemed a career offender under U.S.S.G. § 4B1.1, which increased his offense level by 5 points. PSR ¶ 42. With a 2-level reduction for acceptance of responsibility, Edwards's total adjusted offense level was 35. PSR ¶¶ 43–44. Given a criminal history category of VI, the custody range for Edwards under the Sentencing Guidelines was 292 to 365 months. On June 21, 2006, the Court sentenced him to 292 months imprisonment.

By comparison, Fletcher was sentenced to life imprisonment based on far more severe conduct. At his trial, the Government proved that Fletcher was the leader of an extensive drug distribution conspiracy involving hundreds of kilograms of powder cocaine and crack cocaine—considerably more than any amounts Edwards sold. Moreover, at Fletcher's sentencing, the Court noted that he manipulated drug addicts in order to operate his enterprise, likening him to a "slave master." ECF No. 399 at 33–34. In one incident, Fletcher forced a woman to perform a sex act on him in front of her boyfriend and other onlookers—simply to assert his dominance. To this day, Fletcher remains one of the more heinous offenders the Court has encountered.

Unlike Edwards, however, Fletcher has benefitted from changes in the sentencing regime that have resulted in substantial sentence reductions in three instances.[1] First, as a result of decreased offense levels occasioned by Amendment 782 to the Sentencing Guidelines, Judge

---

[1] Fletcher's case was reassigned in 2018 to Judge Chuang.

2

Chuang reduced Fletcher's sentence from life imprisonment to 360 months. ECF Nos. 816 & 817. Second, under Section 404 of the Fair Sentencing Act, Fletcher's sentence was again reduced, this time from 360 to 264 months. At the time, Judge Chuang found that "by present standards, the length of imprisonment required to reflect the seriousness of [Fletcher's] offense and to promote respect for the law has declined." ECF No. 839 at 7. Third, on July 13, 2020, for medical reasons, Fletcher's sentence was reduced yet again, that is, to time served, resulting in a total sentence of 183 months imprisonment. ECF Nos. 856 & 857. Meanwhile, Edwards, after serving 192 months, remains incarcerated and will not be released until 2026.

## II.

The expanded scope of § 3582(c)(1)(A) under the First Step Act is well established. *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). To grant relief, two conditions must be met: (1) the movant must present extraordinary and compelling circumstances; and (2) relief must be consistent with the § 3553(a) factors. Here, both are satisfied.

### A. Extraordinary & Compelling Circumstances

The Court has already found that the sentencing disparity between Fletcher and his less culpable co-defendants qualifies as an extraordinary and compelling circumstance under § 3582(c)(1)(A). Edwards's motion comes after the Court reduced the sentence of William Payton. *United States v. Payton*, 06-cr-341. As with Edwards, Payton was sentenced to 292 months imprisonment for supplying Fletcher with cocaine. In granting Payton's motion under § 3582(c)(1)(A), the Court observed that Fletcher's significantly reduced sentence "resulted in a striking disparity where a middling supplier of drugs is punished far more severely than the violent 'ringleader' of a drug trafficking organization that dealt in far greater amounts of drugs. The Court finds that disparity sufficiently extraordinary and compelling under § 3582(c)(1)(A)." 06-cr-341,

3

ECF No. 109 at 4. The same rationale applies to Edwards, who satisfies the first prong of the § 3582(c)(1)(A) analysis.

As it has elsewhere, the Government opposes any relief, arguing that "extraordinary and compelling circumstances" should not be read so broadly. While the Court appreciates the Government's concern that an expansive reading of § 3582(c)(1)(A) could lead to a bottomless inventory of compassionate release motions, the Fourth Circuit has clearly instructed that "courts are 'empowered... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). That includes sentencing disparities like the one here.[2]

### B. The § 3553(a) Factors

The Court next considers whether relief is consistent with the factors enumerated in 18 U.S.C. § 3553(a). Of those considerations, the Government emphasizes Edwards's criminal history and disciplinary record in BOP custody. In the Court's view, neither factor warrants denying Edwards's Motion and the balance of all § 3553(a) factors supports a reduced sentence.

The Government asserts that Edwards has a long history of drug offenses dating back to 1989, including three prior felony drug convictions in different jurisdictions. *See* PSR ¶¶ 47–83. Noticeably absent from Edwards's criminal history is any suggestion that he engaged in acts of violence. Furthermore, the Government's concern that Edwards will recidivate is sharply undercut by his comprehensive plan for reentry. Edwards appears to have a broad network of friends and family who are ready to assist him in transitioning from incarceration. Perhaps most importantly, Edwards has served a lengthy 15-year sentence that is likely to deter future criminal activity.

---

[2] Because the Court finds that this gross sentencing disparity warrants a reduced sentence, the Court does not address Edwards's other grounds for relief.

4

The Government also cites a handful of disciplinary infractions Edwards has accrued throughout his time in BOP custody. Although Edwards's disciplinary history is not perfect, he has demonstrated improvement, sustaining only nine lower level infractions over 15 years in custody. Furthermore, he has had no infractions for the past two and a half years. *See* ECF No. 870-3 (BOP Disciplinary Record). Ultimately, Edwards's disciplinary history does not outweigh the pronounced disparity between his sentence and Fletcher's.

Accordingly, the Court **GRANTS** Edwards's Motion and imposes a term of **200 months imprisonment,** leaving the remainder of his sentence intact (e.g., the duration and conditions of his supervised release). Edwards cites the availability of good-time credit that may make him immediately eligible for release. The Court leaves that determination to the Bureau of Prisons. Because Edwards was on supervised release at the time he was arrested in the present case, he may be subject to further incarceration. However, in the event that Edwards is immediately eligible for release, his release shall be **STAYED** for up to 14 days from the date of this Opinion, to allow for appropriate medical clearance, prompt pre-release review, and the implementation of a release plan.

## CONCLUSION

For the foregoing reasons, Edwards's Motion to Reduce Sentence is **GRANTED**. The Court imposes a reduced sentence of 200 months of incarceration.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April __, 2021

5